

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DAVID M. HAZAN<br>*Assistant Corporation Counsel*<br>dhazan@law.nyc.gov<br>(212) 788-8084<br>(212) 788-9776 (fax) |

May 30, 2008

**BY FAX (212) 805-7920**
Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Leonardo Blair v. City of New York, et al., 08 Civ. 4303 (SAS)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendants City of New York and New York City Police Commissioner Raymond Kelly.[1] In essence, plaintiff's complaint alleges that on or about November 28, 2007 he was stopped by police officers without reasonable suspicion, falsely arrested, maliciously prosecuted, and assaulted. Consequently, I write to respectfully request a sixty-day enlargement of time, from May 27, 2008 until July 28, 2008, for defendants City of New York and Commissioner Kelly to respond to the complaint. Plaintiff's counsel has consented to this request, but informed defendants that he did not want this to delay discovery in this matter. I note further that no previous request for an extension has been made in this action.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff alleges that he was falsely arrested, maliciously prosecuted and that excessive force was used against him. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Currently, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the

---

[1] According to the docket sheet, the individuals named in the caption as Police Officers William Castillo and Eric Reynolds have not been served with process. A decision concerning this Office's representation of Officers Castillo and Reynolds has not yet been made and accordingly, this request for an extension of time is not made on their behalf. However, we hope that the court will, *sua sponte*, extend their time to answer until July 28, 2008.

release of records that may have been sealed pursuant to New York Criminal Procedure Law § 160.50. The executed release is necessary for our office to obtain the District Attorney, Criminal Court and police records pertaining to plaintiff's underlying arrest and prosecution. In addition, given plaintiff's allegations that excessive force was used against him, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of any records of medical treatment.

Further, assuming plaintiff has timely effected service on the individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible, and that the requested enlargement is necessary in order for us to proceed effectively. Accordingly, we would respectfully ask that the Court grant our request for a sixty-day enlargement of the City defendant's time to respond to the complaint, until July 28, 2008.

I thank the Court for its time and consideration in this matter.

Respectfully submitted,

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Via Facsimile (212) 344-3318
Christopher T. Dunn, Esq.
New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, New York 10004

*Request granted. All defendants may have # until July 28, 2008 to respond to the Complaint. This will not affect the scheduling of an initial conference. So Ordered: [signature] USDJ 6/3/08*